# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| ENRIQUE ROSA, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-3096 |
| ) | |
| GORDAN *et al.*, ) | |
|    Defendants. ) | |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Motion for Leave to File an Amended Complaint (Doc. 5) filed under 42 U.S.C. § 1983 by Plaintiff Enrique Rosa, an inmate at Western Illinois Correctional Center ("WICC"). Plaintiff also filed a Motion to Request Counsel. (Doc. 6.)

**I. Complaint**

**A. Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the Complaint, the court accepts the factual allegations as accurate, construing them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Facts Alleged**

Plaintiff alleges constitutional violations at WICC against Defendants Physician Gordan, Healthcare Administrator Ashcraft, and Wexford Health Sources, Inc. ("Wexford").

Plaintiff asserts that Defendants Gordan and Wexford halted three prescription medications multiple times and for varying lengths from January through May 2023. Plaintiff explained that his prescriptions treated the anxiety, nerve damage, and pain he experienced because of a gunshot wound, which required the insertion of a metal rod to replace his femur and plates and screws in both ankles. (Pl. Compl., Doc. 5 at 2-3:2-6; 4:12.) As a result, Plaintiff had difficulty walking and entering his assigned top bunk, which did not have any stairs. Plaintiff also claims that Gordan did not renew his expired low-bunk permit, which was issued because of the mentioned metal inserted into his leg. (*Id*. at 4:11.) Plaintiff names Defendant Ashcraft because she processed Plaintiff's grievances. (*Id*. at 5:14.)

**C. Analysis**

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 5) is granted.

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate

indifference to a serious medical need, a plaintiff must satisfy a test that has both an objective and subjective part. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under the objective part, a plaintiff must show that his medical condition is sufficiently severe. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective part, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* A "deliberate indifference" standard is used in the medical care context. *Estelle*, 429 U.S. at 104.

"A medical professional acting in his professional capacity may be held to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Rasho v. Elyea*, 856 F.3d 469, 476 (7th Cir. 2017) (quoting *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008) (internal quotation marks omitted)).

Construing Plaintiff's account as accurate, the Court concludes that Plaintiff's account is sufficient to state an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Gordan. However, Plaintiff's account does not state a claim against Defendants Ashcraft or Wexford.

Plaintiff named Defendant Ashcraft because she processed Plaintiff's grievances on the alleged violation raised in his Complaint. However, "[p]rison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017).

Additionally, Defendant Wexford can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its

officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby [clarify] that municipal liability is limited to action for which the municipality is … responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphases in original).

Plaintiff does not assert a plausible claim against Defendant Wexford, as he does not allege any facts that establish or permit the inference that Wexford is liable under any of the three bases mentioned. *See Daniel v. Cook County*, 833 F.3d 728, 734 (7th Cir. 2016) ("To hold defendants liable under § 1983 and Monell, [a plaintiff] must demonstrate that the defendants' 'official policy, widespread custom, or action by an official with policy-making authority was the "moving force" behind his constitutional injury.'") (quoting *Dixon v. County of Cook*, 819 F.3d 343, 348 (7th Cir. 2016)).

## II.  Counsel

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in

certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court concludes that the recruitment of counsel at this early stage of the proceedings is not warranted. As explained below, entry of the Court's Merit Review Order begins the service phase. After Defendant Gordan has been served and filed his Answer to Plaintiff's Complaint, which usually takes sixty days, the Court will enter a Scheduling Order to provide guidance and deadlines to assist Plaintiff during the discovery process. Therefore, the Court denies Plaintiff's Motion for Counsel (Docs. 6) with leave to renew on a more developed record.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 5) is GRANTED. The Clerk of the Court is DIRECTED to docket Plaintiff amended pleading.**

2) **Plaintiff's Motion for Counsel (Doc. 6) is DENIED.**

3) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Gordan. Plaintiff's claims against Gordan proceed in his individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **The Clerk of the Court is DIRECTED to terminate Ashcraft and Wexford as Defendants.**

5) **The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

6) **If Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

7) **Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.**

8) **This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

9) **The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.**

10) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

11) **If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

12) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED August 4, 2025.

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE